IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MURIEL COLLEEN CLOTHIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-21-884-R |
| | ) |
| HEALTH CARE SERVICE | ) |
| CORPORATION, a foreign mutual legal | ) |
| reserve company, d/b/a BLUE CROSS | ) |
| AND BLUE SHIELD OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 12) filed by Defendant, Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Oklahoma ("Blue Cross/Blue Shield") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition to the motion (Doc. No. 13) and Defendant filed a Reply (Doc. No. 14) in support of its position. Upon consideration of the parties' submissions, the Court finds as follows.

A motion to dismiss should be granted when a complaint contains only a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A plaintiff's complaint must include "factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere conclusory allegations are not entitled to an assumption of truth. *Id*. Rather, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Dep't of Human Servs*., 519 F.3d 1242, 1247 (10th Cir. 2008). This requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff filed this action following Defendant's decision that microwave ablation for treatment of her metastatic colon cancer, specifically recommended by her medical provider for two lesions in her lungs, was not covered because it was investigational or experimental. Plaintiff seeks to recover under theories of breach of contract, bad faith, fraud, and intentional infliction of emotional distress. Defendant seeks dismissal of each of Plaintiff's claims, except her breach of contract claim.

Under Oklahoma law, "an insurer has an implied duty to deal fairly and act in good faith with its insured and ... the violation of this duty gives rise to an action in tort...." *Christian v. American Home Assur. Co*., 577 P.2d 899, 904 (Okla. 1977). Liability for breach of the implied covenant of good faith and fair dealing requires "'a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.'" *Harris v. Progressive Direct Ins. Co*., 740 F. App'x 900, 908 (10th Cir. 2018)

(quoting Christian, 577 P.2d at 905). To establish a cause of action against an insurance company for bad faith under Oklahoma law, the plaintiff must show:

> 1) coverage under the insurance policy and that the insurer was required to take reasonable actions; 2) the actions of the insurer were unreasonable under the circumstances; 3) the insurer failed to deal fairly and act in good faith toward the insured in its handling of the claim; and 4) breach or violation of the duty of good faith and fair dealing was the direct cause of any damages that the insured sustained.

*Id.* at 908 (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005)). Although a complaint need not allege a basis for all the elements of a prima facie case, consideration of the elements of a claim can be helpful in determining whether a complaint satisfies the plausibility standard. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

    The Court concurs with Defendant that Plaintiff's Amended Complaint fails to allege sufficient facts to support her bad faith claim. Numbered paragraph 71 contains lettered subparagraphs (a) through (q). Many of those subparagraphs are nearly identical and none cites to any specific facts that support a finding of bad faith in this case. Rather, the paragraphs contain mere formulaic recitals of various manners in which an insurer may commit bad faith, without any specific factual allegations arising from this particular relationship. In *A.B. by & through Blaik v. Health Care Serv. Corp.,* No. CIV-19-968-D, 2020 WL 4041120, at *4 (W.D. Okla. July 17, 2020), the court dismissed nearly identical allegations of bad faith, finding them conclusory and insufficient. *See also Scheffler v. Am. Republic Ins. Co.*, No. 11-cv-0760-CVE-TLW, 2012 WL 602187 (N.D. Okla. Feb. 23, 2012), *A&B Stores, Inc. v. Employers Mut. Cas. Co.*, No. CIV-14-1228-HE, 2015 WL

1014808, at *2 (W.D. Okla. Mar. 9, 2015), and *Daily v. USAA Casualty Insurance Co.*, No. CIV-14-550-HE, 2014 WL 12729172, *1 (W.D. Okla. Nov. 19, 2014). The Court concludes the Amended Complaint does not contain sufficient factual allegations, as opposed to conclusions, to "nudge[ ]" plaintiff's bad faith claim "across the line from conceivable to plausible." *Twombly*, 550 U.S at 570. Therefore, Defendant's Motion to Dismiss is granted as to Plaintiff's bad faith claim.

Defendant seeks dismissal of Plaintiff's fraud claim as well. Under Oklahoma law, a fraud claim requires that Plaintiff establish: 1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to her detriment. *Kunneman Props. LLC v. Marathon Oil Co.*, No. 17-cv-00456-GKF-JFJ, 2019 WL 4658362, at *4 (citing *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009)). Constructive fraud is the concealment of material facts which one is bound under the circumstances to disclose and, unlike actual fraud or deceit, constructive fraud does not require intent to deceive. *Id.* (citing *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2004). Additionally, Rule 9 of the Federal Rues of Civil Procedure requires that fraud be pled with particularity. "The purpose of Rule 9(b) is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997) (internal quotation marks and citation omitted). "[A] complaint must set forth the time, place and contents of the false representation, the identity of the party making the false

4

statements and the consequences thereof." Id. (internal quotation marks and citation omitted).

Plaintiff contends Defendant engaged in fraud when it informed her that the treatment ordered by her treating physician was "experimental or investigational."

> At the time BCBS disclosed the basis for its claim decision, it was aware that the position was false, not supported by current medical standards, contradicted by evidence of the effectiveness in the medical industry supporting the treatment including the peer reviewed studies contained in the Medical Policies-Microwave Tumor Ablation-SUR701.038 and was otherwise misleading as to the treatment of Plaintiff's cancer.

Amended Complaint, ¶ 83. Plaintiff alleges, in conclusory manner, that "BCBS made this disclosure with the intention that Plaintiff would rely upon it, and Plaintiff did in fact rely on the representations made by BCBS." *Id.* ¶ 85. The Court finds these allegations too conclusory to meet Plaintiff's pleading burden. Fraud, deceit, and constructive fraud "require detrimental reliance by the person complaining." *Howell v. Texaco Inc.*, 112 P.3d 1154, 1161 (Okla. 2004). Plaintiff's conclusory allegations are not sufficient to state a claim for fraud.

Defendant also seeks dismissal of Plaintiff's intentional infliction of emotional distress claim. Oklahoma recognizes a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. *See, e.g., Gaylord Entertainment Co. v. Thompson,* 958 P.2d 128, 149 (Okla.1998). Such a claim is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. *Id.* To state an intentional infliction of emotional distress claim, Plaintiff must allege that (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) the

defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Schovanec v. Archdiocese of Oklahoma City,* 188 P.3d 158, 175 (Okla.2008) (citation omitted). Defendant's conduct must have "been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1377–78 (Okla. 1978).

> The Amended Complaint alleges the following:
>
> BCBS's actions in requiring Plaintiff to initiate multiple appeals without providing reasonable and adequate consideration of the information submitted by or on Plaintiff's behalf as part of said appeals, improperly and arbitrarily denying coverage for medical treatments, ignoring evidence that the recommended treatment has been established as the medically appropriate, supplanting BCBS's own interest ahead of the interests of its insureds, and otherwise implementing and executing a claims decision process that fails to establish and follow adequate standards for claims handling was so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

Doc. No. 10, ¶ 93. Even accepting the factual portion of this paragraph as true, as a matter of law the conduct alleged therein simply does not rise to the level of conduct which is so outrageous as to be "utterly intolerable in a civilized community." Restatement, cmt. d. *See, e.g., Ishmael v. Andrew,* 137 P.3d 1271 (Okla. Civ. App. 2006) (holding that defendant's public accusation that plaintiff was a "liar" and had intentionally contaminated another's drink was insufficiently atrocious); *Warren v. United States Specialty Sports Ass'n,* 138 P.3d 580, 586 (Okla. Civ. App. 2006) (publicly calling plaintiffs "cheaters," and accusing them of misrepresentations of fact on an application was not extreme and outrageous); *Setzer v. Farmers Ins. Co.,* 185 Fed. Appx. 748, 755 (10th Cir. 2006)

6

(insurance company's improper access to insured's personal gynecological medical records, was "simply not 'outrageous.'"); *Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 942 (10th Cir. 1994)(agent's refusal to help fill out proof of loss form, advisement to not hire counsel, insurer's repeated requests for more information and failure to keep appointments, and policy cancellation, among other things, insufficient to support intentional infliction of emotional distress claim). Accordingly, Defendant's Motion to Dismiss is granted as to Plaintiff's intentional infliction of emotional distress claim.

For the reasons set forth herein, Defendant's Motion to Dismiss (Doc. No. 12) is GRANTED.

**IT IS SO ORDERED** this 27th day of October 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE