IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MURIEL COLLEEN CLOTHIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-884-R |
| | ) | |
| HEALTH CARE SERVICE | ) | |
| CORPORATION, a foreign mutual legal | ) | |
| reserve company, d/b/a BLUE CROSS | ) | |
| AND BLUE SHIELD OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Reconsider and Vacate the Order on Defendant's Motion to Dismiss (Doc. No. 16). Defendant responded in opposition to the motion (Doc. No. 20). Plaintiff filed a Notice of Supplemental Authority (Doc. No. 21) to which Defendant responded (Doc. No. 22). Upon consideration of the parties' submissions, the Court finds as follows.

The Court previously entered an Order dismissing Plaintiff's claims for bad faith, fraud, and the intentional infliction of emotional distress. (Doc. No. 15). Plaintiff asks the Court to reconsider its prior decision and to vacate that portion of the order dismissing the bad faith and fraud claims. In support of its motion Plaintiff asserts that a court should not dismiss a cause of action "unless there is no set of facts that would entitle a Plaintiff to the requested relief." (Doc. No. 16, p. 1). The applicable pleading standard, however, is not the "no set of facts" standard, but rather the plausibility standard set forth in the Court's Order granting Defendant's motion. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562

(2007)("We could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough.").

Rule 54(b) of the Federal Rules of Civil Procedure grants the Court the discretion to reconsider a prior interlocutory ruling. See Fed. R. Civ. P. 54(b) (recognizing that any order that adjudicates "the rights and liabilities of fewer than all the parties does not end the action as to any of the . . . parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). The Rule contains no limit or governing standard on this Court's ability to modify a prior ruling.

> [A] district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether. *See Rivero v. Bd. of Regents of Univ. of N.M.*, No. 16-0318 JB\SCY, 2019 WL 1085179, at *58-62 (D.N.M. Mar. 7, 2019)(Browning, J.).

*United States ex rel. Kuriyan v. HCSC Ins. Servs. Co.*, No. CIV 16-1148, 2021 WL 5998603, at *27 (D.N.M. Dec. 20, 2021). Additionally, for guidance the Court may look to the standard of review for motions under Rule 59(e). *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). The only standard under Rule 59(e) potentially applicable to Plaintiff's instant motion is the need to correct clear error or prevent manifest injustice, *id.*

To that end, Plaintiff argues that the Court either ignored or overlooked her allegations and arguments.

In assessing Defendant's Motion to Dismiss the Court applied the appropriate standard under Rule 12(b)(6). Despite Plaintiff's arguments to the contrary, the Court finds no need to correct clear error or to prevent manifest injustice in this case. The Court thoroughly reviewed Plaintiff's Complaint, her arguments and the relevant law and concluded that the operative pleading failed to state a claim for bad faith. The Court finds no basis for reversing its prior decision.[1]

With regard to Plaintiff's fraud claim, the Court similarly finds no basis for reconsidering its decision to dismiss the claim. The allegedly false statement by Defendant upon which Plaintiff relied to her detriment was the representation that microwave tumor ablation for metastatic lung tumors was experimental. Plaintiff's allegation of reliance is conclusory, she merely alleges that she relied upon the allegedly fraudulent or reckless statement by Defendant that the treatment was experimental, not what actions she forewent or pursued in light of the alleged fraud.[2]

In short, the Court finds that it made no error in its Order granting Defendant's motion to dismiss. Accordingly, her Motion to Reconsider is hereby DENIED.

---

[1] Plaintiff is free to seek leave to amend her complaint pursuant to the appropriate rules.

[2] Additionally, as noted by Defendant in its motion but left unaddressed by the Court for lack of necessity, Plaintiff's fraud claim appears to be a re-packaging of her breach of contract claim. *See generally KT Specialty Distribution, LLC v. Xlibris Corp.*, No. 08-cv-249, 2008 WL 4279620, at *4 (N.D. Okla. Sept. 11, 2008) ("While Oklahoma law may recognize a tort claim resulting from a breach of contract, 'the contract in such cases is the mere incident creating the relation furnishing the occasion for the tort' and the wrong giving rise to a tort claim must be independent of the breach of contract.") (*quoting Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1168 (10th Cir. 2000). When a fraud claim is raised alongside a breach of contract claim, the fraud claim must be dismissed unless it contains allegations of fraudulent conduct "sufficiently independent" of the breach of contract conduct. No such allegations exist in this case.

**IT IS SO ORDERED** this 9th day of May 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE