## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MURIEL COLLEEN CLOTHIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-21-884-R** |
| | ) | |
| **HEALTH CARE SERVICE** | ) | |
| **CORPORATION, a foreign mutual legal** | ) | |
| **reserve company, d/b/a BLUE CROSS** | ) | |
| **AND BLUE SHIELD OF OKLAHOMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This case arises from Defendant's denial of insurance coverage for microwave ablation therapy ("MAT") to treat Plaintiff's cancerous lung tumors. The denial was allegedly based on a medical policy adopted by Defendant stating that MAT is experimental when used to treat more than one lung tumor. According to Plaintiff, the medical policy was incorrect, outdated, ambiguous, "arbitrarily drafted" and not incorporated into the insurance contract. Plaintiff asserts claims for breach of contract and breach of the duty of good faith and fair dealing.

Now before the Court is Plaintiff's Motion to Compel Discovery [Doc. No. 40] seeking responses to four interrogatories and five requests for production. Defendant objects to the requests as seeking irrelevant information and being unduly burdensome.

Federal Rule of Civil Procedure 26(b)(1) provides that:

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

1

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The scope of discovery under this rule is broad, but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation omitted). When the relevance of a particular discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested." *Barton v. Tomacek*, No. 11-CV-0619, 2012 WL 4735927, at *4 (N.D. Okla. Oct. 3, 2012). Conversely, when the discovery request appears relevant, the party resisting the request has the burden of showing that the request falls outside the scope of permissible discovery. *Id.*

Having considered the parties' submissions under these standards, the Court finds that Plaintiff's motion should be denied.

### A. Interrogatories No. 12 and No. 13

After Defendant denied coverage for the MAT procedure, Plaintiff's physicians requested an independent external review of the decision. The Oklahoma Insurance Department assigned the review to Dane Street, which upheld the denial of coverage. Interrogatory Nos. 12 and 13 ask Defendant to identify the number of times the doctors retained by Dane Street have reviewed claims for Defendant and the number of times the

doctors have upheld a denial of coverage since January 1, 2016. Plaintiff contends this information is relevant for two reasons.

First, she argues that the Dane Street doctors applied a different standard during their review of Plaintiff's claim and relied on a medical study that actually supports Plaintiff's position. Plaintiff does not, however, explain how the numbers she seeks will shed any light on whether the doctors applied the wrong standard or reached the wrong conclusion with respect to her claim.

Second, Plaintiff argues that these numbers can be used to show bias, i.e. that the Dane Street doctors who reviewed Plaintiff's claim have a tendency to side with the insurance company. Although a consistent pattern of siding with the insurance company may be relevant to the doctor's credibility, the Court finds that any benefit from this information is outweighed by the burden on Defendant. Defendant has presented an affidavit indicating that it would need to manually sift through 4,000+ files to identify claims reviewed by the specific doctors involved in this case and that this task would take approximately 2,220 hours to complete. Based upon this evidence, and the minimal relevance of the requested information, the Court concludes that Defendant has met its burden of showing that responding to these interrogatories would be unduly burdensome and not proportional to the needs of this case.

### B. Requests for Production No. 11, No. 12, and No. 13

These requests seek all evidence of payments made to the individual Dane Street doctors for the review of Plaintiff's claim, all evidence of payments made to the individual Dane Street doctors for review of medical appeals for the past ten years, and all evidence

of payments made to Dane Street for review of Plaintiff's claim. Defendant's discovery responses state that the individual doctors who reviewed the claim for Dane Street are not agents or employees of Defendant, that it has made no payments directly to the individual doctors, that it made no payments directly to Dane Street for its review of Plaintiff's claim but was instead billed by the Oklahoma Insurance Department, and that the invoice related to Plaintiff's claim has been produced.

Plaintiff does not specifically address why these particular responses are deficient. It appears that Defendant has adequately responded to these requests.

### C. Request for Production No. 14

Request for Production No. 14 seeks all evidence of payments made to Dane Street for review of medical appeals for the past ten years. Plaintiff argues the payments show the reviewing physicians have a financial incentive to side with the insurance company. The Court finds that the relevance of this request is slight and far outweighed by the undue burden placed on Defendant in responding.

Although evidence that a witness received payments or other financial incentives from a party is generally relevant to show bias, the fact that the Defendant paid Dane Street to conduct numerous external and internal reviews does not appear to be in dispute. Defendant states that 103 external review requests were assigned to Dane Street. State law establishes that the insurer bears the cost of those reviews. *See* Okla. Stat. tit. 36, § 6475.16. Defendant has additionally stated that it directly engaged Dane Street to conduct 4,338 internal appeals. Given these statements, the benefit of obtaining "all evidence of payments" made to Dane Street over a ten-year period is minimal at best. *See Murphy v.*

4

*Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (recognizing that benefit of allowing detailed discovery of administrator's financial interest in ERISA claim "will often be outweighed by its burdens and costs because the inherent dual role conflict makes that financial interest obvious").

Further, Defendant has presented evidence showing that it would likely need to spend over 2,000 hours manually searching multiple databases and redacting personal identifying information to respond to this request. Based upon this evidence, and the minimal relevance of the requested information, the Court concludes that Defendant has met its burden of showing that responding to these interrogatories would be unduly burdensome and not proportional to the needs of this case.

### D.  Interrogatories No. 17 and No. 18 and Request for Production No. 10

These requests seek the total number of claims for MAT made and denied since January 1, 2016, the total number of claims for MAT for treatment of lung tumors made and denied since January 1, 2016, and copies of all appeals and related decisions for all claims requesting MAT from 2014 to 2019. Plaintiff contends that these requests are directed at obtaining information showing that Defendant has a standard business practice of denying MAT requests, which is relevant to her bad faith claim and request for punitive damages. Although evidence of an insurance company's pattern of similar denials can be relevant in a bad faith case, *see Vining v. Enterprise Financial Group, Inc*., 148 F.3d 1206, 1214 (10th Cir. 1998), the Court is not persuaded that these broad requests are relevant or proportional to the needs of this particular case.

First, the Second Amended Complaint's allegations with respect to a pattern and practice of wrongfully denying claims are largely conclusory. The factual allegations in the Second Amended Complaint indicate that Plaintiff's bad faith claim is premised on Defendant's wrongful reliance on a medical policy to deny coverage, and it is not apparent how the number of MAT denials or other MAT decisions will inform whether the policy was outdated, incorrect, arbitrary, unreasonably applied to Plaintiff, or not incorporated into the insurance contract. Given the lack of specific allegations suggesting that Defendant denies claims similar to Plaintiff's as a matter of standard business practice, the need for expansive discovery into other insureds' medical claims is less compelling. *See Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1238 (10th Cir. 2000) (stating that limitations on expansive discovery requests are appropriate where a plaintiff "pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant").

Second, even if Plaintiff is entitled to discover evidence showing that Defendant engaged in a practice of wrongfully denying claims under similar circumstances, Plaintiff's requests are too broad.[1] Her requests – which inexplicably cover different time periods – seek information about other insureds' MAT claims without regard to whether the claims share pertinent details with Plaintiff's claim, such as the medical condition in need of treatment or the reason for the denial. These requests therefore cast too wide a net and will

---

[1] Although courts have discretion to modify discovery requests to bring them within acceptable limits, the Court declines to do so here. *Punt v. Kelly Servs.,* 862 F.3d 1040, 1047 (10th Cir. 2017). The parties are responsible for propounding proper discovery requests. *Id.*

encompass information that is irrelevant to the claims and allegations involved in this case. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (upholding denial of discovery where requests are not tailored to the issues and instead "cast a much wider net, encompassing much information irrelevant to that stated purpose, of a potentially personal nature, or protected by attorney-client privilege").

Last, the limited relevance of these requests is outweighed by the burden placed on Defendant, specifically with respect to Request for Production No. 10. Defendant has presented an affidavit showing that it has identified 700 claims for MAT since January 1, 2016 and that it would take at least 7,000 hours to collect, review, and redact personal identifying information from these documents. Based upon this evidence, the Court concludes that Defendant has met its burden of showing that responding to these interrogatories would be unduly burdensome and not proportional to the needs of this case.

### E.  Interrogatory No. 20

This interrogatory seeks the number of breast reduction claims that have been made and denied since January 1, 2016. While waiting for approval for her MAT treatment, Defendant approved Plaintiff's request for coverage for a breast reduction procedure. Plaintiff claims that the information sought by this interrogatory will show that Defendant arbitrarily determines which procedures are medically necessary.

While Plaintiff may be able to inquire into Defendant's reasons for approving her request for breast reduction surgery while denying her request for MAT, the Court agrees with Defendant that the relevance of Defendant's handling of other breast reduction claims is not apparent.

Accordingly, as outlined above, Plaintiff's Motion to Compel Discovery [Doc. No. 40] is DENIED.

IT IS SO ORDERED this 15th day of June, 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE